UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL CALLE, *on behalf of himself and others similarly situated*,

                Plaintiff,

-against-

1226 SECOND AVENUE REALTY CORP. d/b/a PRIMOLA RESTAURANT, DJULIANO ZULIANI, and SAMUEL MOROCHO,

                Defendants.

Case No. 1:25-cv-05217 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 20, 2021, Defendants moved for a second extension of the answer deadline (currently August 29, 2025). *See* Dkt. 16. Defendants request that their response to the Complaint be due twenty days after mediation is held, contending that "[i]t would be inefficient and a waste of . . . resources to respond to the Complaint" prior to mediation. *Id.* Later that day, Plaintiff filed a letter opposing the extension and requesting an order directing Defendants to respond to Plaintiff's relatively extensive discovery requests, *see* Dkt. 18 at 1-2, which were served after a purported Rule 26(f) meet and confer between counsel in July. *See* Dkt. 17; Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Defendants dispute that the parties met and conferred and ask the Court to "direct that Plaintiffs' formal discovery requests be held in abeyance" until the conclusion of mediation. Dkt. 18 at 2.

Neither party has convinced the Court that it is necessary to depart from ordinary procedures in this case. First, Defendants have not shown "good cause" to extend the answer deadline until after mediation. *See* Fed. R. Civ. P. 6(b)(1)(A). This is not a rigorous standard, but an application for extension of time under Rule 6(b)(1)(A) may be denied, at the Court's

discretion, upon a finding of either bad faith by the moving party or prejudice to the opposing party party. *See Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021). While there is no evidence of bad faith here, extending the answer deadline until after mediation would be unduly prejudicial to Plaintiff. As Plaintiff notes, this would deprive him of the opportunity to review and evaluate Defendants' position on the claims asserted, *see* Dkt. 17 at 1, which is an important part of mediation. Other parties before this Court routinely file answers by the required deadline following a mediation referral, and Defendants have not shown why their circumstances warrant an exception. Accordingly, Defendants' request for an extension of time to answer at Dkt. 16 is DENIED.

Second, the Court finds that Plaintiff's discovery requests are premature. Not only do Defendants dispute whether a Rule 26(f) conference took place, but engaging in discovery outside what is required under the FLSA mediation pilot program risks interfering with mediation efforts. The Court has also not issued a scheduling order or approved a case management plan, and Defendants are correct that the Court does not generally set a discovery schedule until after an initial pretrial conference has been held. Thus, Defendants' request at Dkt. 18 to hold formal discovery in abeyance pending mediation and further Order from the Court is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 16 and 18.

Dated: August 22, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge